IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES HINES, JR., | ) |
| | ) Civil Action No. 07 - 1140 |
| Plaintiff, | ) Magistrate Judge Lisa Pupo |
| | ) Lenihan |
| v. | ) |
| SOUTHERN HEALTH PARTNERS, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff, Charles Hines, Jr., formerly, a prisoner at the Beaver County Prison (BCP), has submitted a Complaint for filing in this district along with a motion to proceed *in forma pauperis*, which was granted on August 28, 2007 (doc. no. 2). Also on that date, Plaintiff submitted his Consent to Jurisdiction by a United States Magistrate Judge (doc. no. 4). Plaintiff commenced this action against Defendant Southern Health Partners complaining about the healthcare he received while incarcerated a the BCP. On March 28, 2008, this Court ordered Plaintiff to file an amended complaint by April 30, 2008. Plaintiff did not file an amended complaint. For the reasons that follow, the Complaint should be dismissed because Plaintiff has not set forth any allegation upon which to base liability against the Defendant. An appropriate order follows.

A. Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.

Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Further, the PLRA substantially amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e. In this regard, the PLRA amended section 1997e(c) to require the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1).[1]

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), he is proceeding IFP in this action (doc. no. 2) and he is complaining about prison conditions. Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1).

In reviewing complaints under 28 U.S.C. § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the

---

1. *See, e.g.*, Wallace v. Engler, 1997 WL 111777 (E.D. Mich. 1997) (Section 803(d) of the PLRA amended 42 U.S.C. § 1997e to add a provision requiring the court to dismiss an action that fails to state a claim *sua sponte*, applicable to all cases filed by prisoners challenging prison conditions, regardless of whether the action is brought in forma pauperis); Boblett v. Angelone, 957 F. Supp. 808 (E.D. Va. 1997) (Under § 1997e(c) court may dismiss civil rights action brought with respect to prison conditions by prisoner if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief).

3

traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### B. Liability Against Southern Health Partners

The only Defendant in this action is Southern Health Partners (SHP). Just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights. *See, e.g.*, Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (noting that every circuit court to consider the issue has extended the holding in Monell to private corporations as well) (citing cases). *Accord* Street v. Corrections Corp. of Am., 102 F.3d 810, 818 (6th Cir. 1996); Baker v. Simmons, 65 Fed. Appx. 231, 2003 WL 21008830 (10th Cir. May 6, 2003). Consequently, in order to assert a claim against SHP, the Plaintiff must show that a constitutional deprivation resulted from an official custom or policy or, alternatively, from the actions of an official with "final authority to establish municipal policy." Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986).

Here, the Plaintiff fails to allege that Southern Health Partners had any policy or custom of providing inadequate care to the BCP inmates. Plaintiff was given an opportunity to amend his complaint but failed to do so. Consequently, his Complaint should be dismissed for failure to state a claim upon which relief may be granted. An appropriate order follows.

**AND NOW**, this 20th day of May, 2008;

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) and/or 42 U.S.C. § 1997e(c)(1) for failure to state a claim upon which relief may be granted.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Charles Hines, Jr.
Beaver County Prison
1109 Irwin Street
Aliquippa, PA  15001